# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re:**
    **JUDY ANN BELVAL,**
           Debtor.

**Chapter 7 Case**
**# 05-12056**

_____

**ALBERT BELVAL,**
           Plaintiff,
    v.

**JUDY ANN BELVAL,**
           Defendant.

Filed & Entered
On Docket
09/27/06

**Adversary Proceeding**
**# 06-1014**

_____

*Appearances:*    Brian P. Hehir, Esq.    Geoffrey F. Walsh, Esq.
                  Burlington, Vt.           Vermont Legal Aid
                  *For the Plaintiff*       Springfield, Vt.
                                                          *For the Defendant*

## MEMORANDUM OF DECISION
### DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Albert Belval (the "Plaintiff") initiated this adversary proceeding to obtain a determination that the $30,000 debt Judy Ann Belval (the "Debtor") owes to him is non-dischargeable under §§ 523(a)(4) and (6).[1] The Plaintiff has moved for summary judgment on his § 523(a)(6) cause of action, alleging that the Chittenden County Superior Court's determination that the Debtor unlawfully converted the Plaintiff's funds establishes "wilful and malicious injury by the debtor to another entity or to the property of another entity" and compels a determination that this judgment is excepted from discharge (doc. # 11). The Debtor opposes the Plaintiff's motion for summary judgment on the basis that the Chittenden Superior Court did not specifically find that the Debtor committed a deliberate and intentional injury and hence, on the record established to date, the Plaintiff is not entitled to judgment as a matter of law.

For the reasons set forth below, the Court finds that the current record does not establish grounds for an exception to discharge and denies the Plaintiff's motion for summary judgment.

### JURISDICTION

The Court has jurisdiction over this adversary proceeding and the pending motion for summary judgment under 28 U.S.C. § 157(b)(2)(I).

---

[1] Since the Debtor filed a voluntary chapter 7 petition on October 13, 2005, unless otherwise indicated, all statutory references herein are to the U.S. Bankruptcy Code (the "Code") in effect as of October 13, 2005 (prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act).

## BACKGROUND FACTS

The Plaintiff obtained a judgment against the Debtor in Chittenden Superior Court, in the case styled <u>Albert Beval [sic] v. Judy Beval [sic]</u>, Docket No. S1268-04CnC (the "State Court Action").[2] The Plaintiff incorporates the State Court Action's entry, findings of fact, and conclusions of law which set forth the following undisputed facts. In 1985, the Plaintiff opened a business account with the Howard Bank, now Banknorth, N.A., listed as Albert E. Belval DBA Red Barn Storage. In 1993 he added his daughter, the Debtor, as an additional access person to the account. The Debtor did not work for the Plaintiff. She never made any deposits into or withdrawals out of this account. Nonetheless, her name remained on the account. On August 30, 2004, the Debtor withdrew $30,000 from the account, without the Plaintiff's permission. The Debtor contended that the Plaintiff had promised to pay her college expenses, however, the evidence in the State Court Action failed to support the Debtor's position. The Chittenden Superior Court found the evidence before it demonstrated that the Debtor's name was placed on the account for mere convenience, that the parties did not intend for the account to be an absolute joint account, and that the Debtor unlawfully converted the Plaintiff's funds.

In the adversary proceeding pending before this Court, the Plaintiff argues that based upon the record in the State Court Action, the doctrine of collateral estoppel mandates that his judgment against the Debtor be excepted from discharge under §§ 523(a) (4) and (6).

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. <u>See</u> FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. <u>See</u> <u>Anderson</u>, 477 U.S. at 247. Factual disputes that are irrelevant or unnecessary are not material. <u>See</u> <u>id</u>. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. <u>See</u> <u>Cruden v. Bank of New York</u>, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. <u>See</u> <u>Anderson</u>, 477 U.S. at 249; <u>see also</u> <u>Palmieri v. Lynch</u>, 392 F.3d 73, 82 (2d Cir. 2004); <u>Delaware & Hudson Ry. Co. v. Conrail</u>, 902 F.2d 174, 178 (2d Cir. 1990), <u>cert. denied</u>, 500 U.S. 928 (1991).

---

[2] The Plaintiff did not submit a separate statement of undisputed facts in compliance with Vt. LBR 7056-1(a)(1). While this may present an additional basis for denial of the Plaintiff's summary judgment motion, the Court notes that the only facts relied upon by the Plaintiff are those contained within the Chittenden Superior Court's entry, findings of fact and conclusions of law that were filed as an attachment to the Plaintiff's Complaint and the Debtor has not objected to the authenticity of that document. Thus, the Court will address the issues on the merits rather than deny relief based upon the procedural deficiencies.

## DISCUSSION

A creditor seeking to establish nondischargeability under §523(a) must do so by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Parties may invoke collateral estoppel to preclude relitigation of the elements necessary to meet a § 523(a) exception. Id. at 285 n. 11; see also, e.g., In re Docteroff, 133 F.3d 210, 215 (3d Cir.1997) ("Collateral estoppel is applicable if the facts established by the previous judgment ... meet the requirements of nondischargeability...."). The Plaintiff moves for summary judgment under § 523(a)(6). Pursuant to § 523(a)(6), a discharge is not available for a debt "for willful and malicious injury by the debtor to another." As used in that section, the word "willful" indicates "a deliberate or intentional *injury,* not merely a deliberate or intentional act that leads to injury." Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Economic injury is insufficient. In re Luppino, 221 B.R. 693, 700 (Bankr. S.D. N.Y. 1998) ("An ordinary tort or breach of contractual or statutory duty generally is not sufficient to deny discharge under subsection (6) without some aggravating circumstances evidencing conduct so reprehensible as to warrant denial of the 'fresh start' to which the 'honest but unfortunate' debtor would normally be entitled under the Bankruptcy Code"). The injury caused by the debtor must also be malicious, meaning "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." In re Stelluti, 94 F.3d 84, 87 (2d Cir.1996). Malice may be implied "by the acts and conduct of the debtor in the context of [the] surrounding circumstances." Id. at 88 (alteration in original, internal quotation marks omitted).

Although the Plaintiff may invoke collateral estoppel, the facts established in the State Court Action are insufficient to support judgment as a matter of law on the requirements of § 523(a)(6). The State Court Action findings establish that the Debtor deliberately and intentionally converted the Plaintiff's funds and that she did so wrongfully. However, the findings do not establish that the Debtor's actions caused a deliberate or intentional *injury*, other than economic harm, to the Plaintiff.

In response to the Plaintiff's motion for summary judgment, the Debtor attempts to justify her conversion of the Plaintiff's funds by contending that she believed the Plaintiff had agreed to reimburse her college expenses. Although the Court has found that the record before this Court regarding the State Court Action does not support a judgment as a matter of law under § 523(a)(6), the Court does find that the State Court Action decision collaterally estops the Debtor from arguing that she rightfully withdrew the funds that were the subject of the state court litigation.

The record unequivocally establishes that the parties litigated whether the Debtor had an ownership interest in the funds she withdrew and that the state court concluded that the Debtor had no lawful right to the funds. The Debtor did not appeal the State Court Action decision. This Court will not entertain arguments previously determined in the State Court Action. Rather, the Court will consider only evidence that is pertinent to the material issues that were not decided by the State Court.

## CONCLUSION

Since the State Court Action did not include a determination of whether the Debtor's wrongful withdrawal of funds from the subject account was intended to cause injury to the Plaintiff, and that is a necessary element of § 523(a)(6), the Plaintiff is not entitled to summary judgment under the doctrine of collateral estoppel. Accordingly, the Plaintiff's motion for summary judgment is denied. The Court will enter a separate order establishing the scheduling order for proceeding to trial in this matter.

This constitutes the Court's findings of fact and conclusions of law.

_____

September 27, 2006                                  Colleen A. Brown
Rutland, Vermont                                    United States Bankruptcy Judge